UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DEBORAH JOAN GARCIA CONCEPCION,**

      Plaintiff,

v.                                          Case No: 6:23-cv-2399-GAP-EJK

**HELIDOSA AVIATION GROUP, S.A.,**

      Defendant.

## ORDER

This cause comes before the Court on Defendant's Motion for Temporary Stay Pending Determination of Its Motion to Dismiss, or in the alternative, for Protective Order (the "Motion"), filed June 7, 2024. (Doc. 66.) On June 13, 2024, Plaintiff filed her Response in opposition to the Motion. (Doc. 67.) Upon consideration, the Motion is due to be denied.

**I.    STANDARD**

The Court has the inherent power to control its docket and manage its cases, including by staying discovery. *Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1263 (11th Cir. 2002). The party seeking to stay discovery has "the burden of showing good cause and reasonableness." *McCabe v. Foley*, 233 F.R.D. 683, 687 (M.D. Fla. 2006). "'In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such

discovery.'" *Holsapple v. Strong Indus., Inc.*, No. 2:12-cv-355-UA-SPC, 2012 WL 3946792, at *1 (M.D. Fla. Sept. 10, 2012) (quoting *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550 (11th Cir. 1985)). To engage in this balancing test, it is helpful for the Court to "take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997).

This District has typically found that motions to stay discovery are disfavored, as they "can create case management problems which impede the Court's responsibility to expediate discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 651 (M.D. Fla. 1997). Accordingly, a stay pending resolution of a motion is rarely appropriate unless the resolution of the motion would dispose of the discovery altogether. *Id.*

## II. DISCUSSION

On May 22, 2024, Plaintiff filed her Second Amended Complaint. (Doc. 60.) On May 30, 2024, Defendant filed its Motion to Dismiss Plaintiff's Second Amended Complaint, arguing that Plaintiff fails to plausibly allege there is general or specific jurisdiction over Defendant. (Doc. 63 at 7–26.) Alternatively, Defendant argues that even if this Court were to find that it has personal jurisdiction over Defendant, this action should be dismissed on *forum non conveniens* grounds because the Dominican Republic, where the subject plane crash occurred, is an adequate alternative forum to decide the case. (*Id.* at 36–47.)

On June 7, 2024, Defendant filed the instant Motion to request that the Court stay discovery and the exchange of Rule 26(a) disclosures until Defendant's Motion to Dismiss has been resolved because its challenge to Plaintiff's allegations of personal jurisdiction is likely to be meritorious. (Doc. 66 at 5, 9.) Alternatively, Defendant argues that, if the Court is not inclined to stay discovery, Defendant has established good cause for the Court to enter a protective order precluding Plaintiff from propounding merits-based discovery until its Motion to Dismiss has been resolved. (*Id*. at 10–15.) Plaintiff responds that a preliminary peek at the merits of Defendant's Motion to Dismiss does not show that the motion is clearly meritorious. (Doc. 67 at 7.) Plaintiff further argues that Defendant has not shown good cause for the entry of a protective order because Plaintiff's propounded discovery requests are within the bounds of permissible discovery pursuant to Rule 26 and are narrowly tailored to seek information relevant to the claims and defenses in this case. (*Id*. at 4.) The Court agrees with Plaintiff.

In the Motion, Defendant cites *Chudasama v. Mazda Motor Corp.*, in support of its argument that discovery should be stayed, but even the *Chudasama* court acknowledged that "a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2)—may require some limited discovery before a meaningful ruling [on a motion to dismiss] can be made." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). Moreover, the case stands for the narrow proposition that a district court abuses its discretion when it does not decide a likely meritorious motion to dismiss challenging the legal sufficiency of a claim before discovery begins.

*Id*. at 1368 (holding district court abused its discretion when it granted plaintiff's motion to compel discovery pertaining to plaintiff's novel and questionable fraud claim, leading to protracted discovery costs, long before the district court ruled on defendant's motion to dismiss the fraud claim, which appeared to be meritorious.).

Further, *Latell v. Triano*, as cited by Defendant, is not convincing because, in that case, the court stayed the case for ninety days while it considered whether it had personal jurisdiction over defendant, whether plaintiff had standing, and whether plaintiff's claim was legally sufficient, without stating whether the court thought defendant's motion to dismiss was clearly meritorious or not. *Latell v. Triano*, No. 2:13-cv-565-FtM-29CM, 2014 WL 5822663, at *2 (M.D. Fla. Feb. 28, 2014). A review of the *Latell* docket shows that a year after the court stayed discovery, the court granted another stay of discovery while it ruled on defendant's motion to dismiss the plaintiff's recently amended fourth amended complaint. *See id.* at Doc. 81. Three months after granting the subsequent stay, the court ultimately denied defendant's motion to dismiss, leading the defendant to file its answer and affirmative defenses. *Id*. at Docs. 95, 99. In total, discovery in the *Latell* action was unnecessarily delayed almost two years. This is the type of delay that the Court must guard against.

The undersigned finds that a stay is not appropriate in this case. Based on a "preliminary peek" at the merits of Defendant's Motion to Dismiss (Doc. 63), the Court cannot say that Defendant's Motion to Dismiss is "likely meritorious." Indeed, the Court has granted Plaintiff the opportunity to conduct limited jurisdictional discovery to discover facts that would support her allegations of jurisdiction. (Doc.

70.) Additionally, the discovery deadline in this matter is April 18, 2025. (Doc. 28.) Even a brief stay of discovery in a case such as this one is likely to cause case management issues by condensing the time to engage in discovery and to resolve any resulting motions. And as to the *forum non conveniens* argument, it is notable that Defendant does not argue that the discovery exchanged in this case could not be used in litigation in the Dominican Republic. (*See* Doc. 66.) While the Court understands that discovery can be costly and time consuming, on balance, and considering the nature of the case, the undersigned does not find good cause to stay discovery in this matter.

Moreover, Defendant's alternative request for a protective order is due to be denied because Defendant may file a separate motion to address any "overbroad" discovery requests. However, the undersigned notes that a cursory review of Plaintiff's discovery requests attached to the Motion requesting things such as video of the subject accident, insurance policies, and cockpit recordings from the date of the accident, are well within the bounds of Rule 26. (Doc. 66-1.)

### III.   CONCLUSION

Accordingly, Defendant's Motion for Temporary Stay Pending Determination of Its Motion to Dismiss, or in the alternative, For Protective Order (Doc. 66) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on June 20, 2024.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE